No. 389

First Circuit

RUBINO v. MORESI

(January 9, 1929.  Opinion and Decree.)

L. C. Bryant, of Jeanerette, attorney for plaintiff, appellant.

Ventress J. Smith, of New Iberia, attorney for defendant, appellee.

LECHE, J.  Plaintiff was riding on horseback in a westerly direction on the main street of the town of Jeanerette, opposite the post office, when his horse came in collision with an automobile driven by the defendant. Plaintiff was seated on a sack which served as a saddle. Defendant was also traveling west and was going very slow, at a speed not exceeding ten miles per hour. The contact was on the left side of the horse and the right rear fender

and rear bumper of the automobile. The end of the sack which plaintiff was using in lieu of a saddle, was caught by the fender or rear bumper of the automobile and as it was pulled off, the plaintiff slid with the sack off the horse and was injured in his left leg by the fall. Plaintiff charges negligence on the part of defendant and sues for damages. His demand was refused by the District Court and he has appealed.

The question in the case is whether there was any negligence on the part of the defendant.

The accident happened at about eight o'clock in the morning, at which time there was a good deal of traffic at this particular place. Many people came to the post office at that hour, to get their mail, and of course there was always a number of automobiles parked along this street which is said to be about thirty-six feet wide. There was a Ford touring car parked in an oblique or northeasterly direction with its right front wheel against the curbing and with its motor idling. Plaintiff on horseback and defendant in his automobile were nearly opposite the rear of the Ford, with enough room to pass abreast behind the Ford, and at a moment when defendant was about to pass beyond the plaintiff, the collision took place. If plaintiff had kept a straight westerly course there would have been no collision, and whether the horse was frightened or whether plaintiff jerked him does not clearly appear, but it is certain that plaintiff's horse veered to the left and came in contact with the rear right fender and rear bumper of the automobile. The idling motor of the Ford may have induced plaintiff to believe that the Ford was about to back towards him, or it may be that it frightened the horse, but in either event there was no fault on the part of defendant.

Defendant was moving very slowly and carefully along a path near the center of the street and in accordance with the law of the road, and we find no negligence or carelessness on his part.

The judgment appealed from is therefore affirmed.